UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD TAYLOR | CIVIL ACTION |
| VERSUS | NUMBER: 16-16587 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "A"(5) |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Disability Insurance Benefits ("DIB"). (Rec. docs. 8, 9).

Richard Taylor, Plaintiff herein, filed the subject application for DIB on April 4, 2014, alleging disability as of December 18, 2013. (Tr. pp. 136-142). In a "Disability Report-Adult" form that appears in the administrative record below, the conditions limiting Plaintiff's ability to work were identified as a degenerative back, disc fusing, right knee problems, and arthritis. (Tr. pp. 178-186).[1] Plaintiff's application for DIB was initially denied by the Commissioner on June 9, 2014. (Tr. pp. 56-59). Pursuant to Plaintiff's request, a hearing *de novo* before an Administrative Law Judge ("ALJ") went forward on June 9, 2015, at which Plaintiff, who was represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. pp. 62-63, 64, 21-48). On July 28, 2015, the ALJ issued a written decision in

---

[1] A companion "Disability Report-Field Office" form reflects that Plaintiff had filed a previous application for DIB that was denied at the initial level of the Commissioner's administrative review process on May 24, 1994 and was not appealed further. (Tr. pp. 175-177).

which she concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 8-20). The Appeals Council ("AC") subsequently denied Plaintiff's request for review of the ALJ's decision on September 21, 2016, thus making the ALJ's decision the final decision of the Commissioner. (Tr. pp. 1-6). It is from that unfavorable decision that the Plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g).

In his cross-motion for summary judgment, Plaintiff frames the issues for judicial review as follows:

1. Did the Administrative Law Judge err by rejecting Dr. Robert R. Dale's opinion and solely relying on the opinion of one physician, who was not the Plaintiff's treating physician and saw the Plaintiff on just one visit; and

2. Did the Administrative Law Judge err by finding that the Plaintiff was not disabled under the meaning of the Social Security Act from December 18, 2013 through the date last insured. Plaintiff contends that the Administrative Law Judge erred on both counts.

(Rec. doc. 8-2, p. 2).

Relevant to the issues to be decided by the Court are the following findings that were made by the ALJ:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.

2. As admitted by the claimant at the hearing, he engaged in substantial gainful activity through December 20, 2013. (20 CFR 404.1520(b) and 404.1571 *et seq.*). However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

3. Through the date last insured, the claimant had the following medically determinable impairments: bursitis of the left shoulder, and degenerative disc disease of the cervical and lumbar spine (20 CFR 404.1521 *et seq.*).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to

2

> perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 18, 2013, the alleged onset date, through December 31, 2013, the date last insured (20 CFR 404.1520(c)).

(Tr. pp. 13, 14, 16).

Judicial review of the Commissioner's decision to deny DIB is limited under 42 U.S.C. §405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision and (2) whether the decision comports with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). The Court may not re-weigh the evidence or try the issues *de novo*, nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

A claimant seeking DIB bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

3

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Once the claimant carries his initial burden, the Commissioner then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled. *Harrell*, 862 F.2d at 475. In making this determination, the Commissioner employs the five-step sequential analysis set forth in 20 C.F.R. §404.1520, as follows:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work that he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

On the first four steps of the analysis, the claimant bears the burden of proving that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987). A finding that the claimant is disabled or is not disabled at any point in the sequential review process is conclusive and terminates the Commissioner's analysis. *Wren v. Sullivan*, 925 F.2d 123, 125-26 (5th Cir. 1991).

As noted in the procedural history and ALJ findings set forth above, Plaintiff alleged that he became unable to work on December 18, 2013 and his insured status for purposes of DIB coverage expired a mere 13 days later on December 31, 2013. That being the case, Plaintiff bore the burden of establishing that he suffered from a disabling condition before the expiration of his insured status. *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)(citing *Milam v. Bowen*, 782 F.2d 1284 (5th Cir. 1986)). For a claimant to demonstrate that he is entitled to DIB, he must prove not only that he is disabled but that he became disabled prior to the expiration of his insured status. *Anthony*, 954 F.2d at 295. "Any impairment which had its onset or became disabling after the special earnings test was last met cannot serve as the basis for a finding of disability." *Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985).

Before discussing Plaintiff's challenges to the Commissioner's decision, the Court pauses to recall the standards and burdens imposed on the parties in the summary judgment context. "Summary judgment is appropriate if the record discloses 'that there is no genuine issue of material fact and that the moving part is entitled to a judgment as a matter of law.'" *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993)(quoting Rule 56(c), Fed. R. Civ. P.). "A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986)); *see also*, Rule 56(c)(1)(A). Rule 56 does not, however, impose upon a district court a duty to sift through the record in search of evidence supporting a party's summary judgment position. *Ragas Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Indeed, Rule 56(c)(3) specifically provides that a "... court need consider only the cited materials ..."

Unfortunately, Plaintiff's cross-motion for summary judgment does not measure up to the foregoing standards. The motion contains no citations to caselaw or to the administrative record upon which Plaintiff's challenges to the Commissioner's decision are based. Despite these omissions, the Court has parsed from the record that evidence which is necessary to resolve the matter that is before it.

At step two of the §404.1520 sequential analysis, the ALJ in the present case found that Plaintiff suffered from the following medically determinable impairments through the date that he was last insured: bursitis of the left shoulder and degenerative disc disease of the cervical and lumbar spine. (Tr. p. 14). However, the medical evidence of record did not establish the existence of a severe impairment or combination of impairments for 12 consecutive months prior to the expiration of Plaintiff's insured status. (*Id.*). As defined by the Regulations, a "severe impairment" is any impairment or combination of impairments which significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c); *Shipley v. Sec. of Health and Human Services*, 812 F.2d 934, 935 (5th Cir. 1987). The overarching question to be resolved by the Court is thus whether substantial evidence supports the Commissioner's decision that Plaintiff did not suffer from a severe impairment during the 13-day relevant time period. For the reasons that follow, the Court easily answers that question in the affirmative.

In making her step-two finding, the ALJ first summarized the testimony that Plaintiff gave at the administrative hearing, noting that "… he attends church once a week – driving there and back – and has friends and family that come to visit … that he could walk one block, stand ten minutes, sit for 15 minutes, and lift 15-20 pounds." (Tr. p. 15). Plaintiff's ability to engage in such activities is not indicative of someone who is unable to perform any work

whatsoever. *Fraga*, 810 F.2d at 1302 (ability to walk one-half block, to attend church, and to drive 20 to 30 miles per week supported finding of "not disabled"). Continuing on with her step-two analysis, the ALJ then concluded as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the evidence of record.
>
> The undersigned finds no more than minimal limitations in the claimant's ability to perform basic work related activities on a sustained basis for the period from December 20, 2013 through his date last insured of December 31, 2013. Indeed, treatment notes contain only a handful of encounters with the medical community between the alleged onset date and the date last insured. Specifically, an X-ray of the claimant's left shoulder from January 2013 (while the claimant was still working) showed "no acute" abnormalities. (Ex. B7F/23). The diagnosis was bursitis, but the claimant was not recommended for – nor did he undergo – surgery, physical therapy, or significant intervention during the relevant period. Rather, treatment notes show his musculoskeletal pain was being treated with chiropractic treatment and non-opiate medication. (Ex. B7F/12, 21, 20). There are no results from electro diagnostic studies, MRIs, clinical examinations, or operative reports confirming any radicular diagnosis, stenosis, atrophy, or some other pathology to support the degree of impairment alleged at the hearing. There are no records during ... the relevant period pertaining to any dysfunction of the claimant's hands, wrists, fingers, or elbow.
>
> To this end, the undersigned agrees with the opinion of the state agency consultant that there was insufficient medical evidence in the record to support any severe medically determinable impairment prior to the date last insured. The opinion of James Williams, MD, is given great weight, as it is consistent with the absence of any clinical, diagnostic, or radiographic findings supporting a greater degree of functional limitation. (Ex. B2A/4). There have been no reports of hospitalizations during the relevant period, nor any other episodes of decompensation. Alternatively, the wholly conclusory medical source statement authored by the claimant's chiropractor, Dr. Robert R Dale, DC, (Ex. B3F) is given no weight as it is unsupported by treatment notes, clinical evaluations, or objective testing. For these reasons, the undersigned rejects Dr. Dale's opinion. He notes no signs or debilitating pain, either in his own examination [records] or in any other records. The remainder of the medical evidence during the relevant period likewise fails to identify any such signs. In sum, the conclusion that the claimant did not have an impairment or

combination of impairments that significantly limited his ability to perform basic work activities is supported by a preponderance of the evidence.

(Tr. pp. 15-16).

For the reasons that follow, the Court believes that the ALJ's evaluation of the evidence that was before her was a correct one and should be affirmed.

First, the "Disability Report-Adult" form that appears in the administrative record below indicates that Plaintiff stopped working on December 18, 2013 because his "… contract had expired" (tr. p. 179), a reason unrelated to his actual ability to perform job-related functions. *See* 20 C.F.R. §404.1566(c). Documentation from Plaintiff's previous employer supports that report. (Tr. p. 193). Second, Plaintiff's treating practitioner during the relevant time period was Robert R. Dale, a Doctor of Chiropractic. Such practitioners, however, are not considered to be "acceptable medical sources" within the meaning of the Social Security Regulations. 20 C.F.R. §404.1513(a)(1)-(5). "Only 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight." *Thibodeaux v. Astrue*, 324 Fed.Appx. 440, 445 (5th Cir. 2009). Chiropractors like Dr. Dale are considered to be "other sources" who can only be used to show the severity of a claimant's impairment(s) and how it affects his ability to work. 20 C.F.R. §404.1513(d), (d)(1). Although an ALJ may assign little weight to an "acceptable medical source" only upon a showing of good cause, the Fifth Circuit has not imposed a good-cause requirement in discounting medical opinions from "other sources." *Young v. Berryhill*, 689 Fed.Appx. 819, 822 (5th Cir. 2017).

Because Dr. Dale is a chiropractor, the ALJ was not required to determine whether there was good cause to assign the doctor's opinion the diminished weight that he did.

8

*Young*, 689 Fed.Appx. at 822. Nevertheless, the ALJ properly took Dr. Dale's records into account when making his disability determination, *Young*, 689 Fed.Appx. at 822, observing that "[h]e notes no signs or debilitating pain, either in his own examination [records] or in any other records" and that "[t]he remainder of the medical evidence during the relevant period likewise fails to identify any such signs." (Tr. p. 16). On that point, the ALJ was correct. As best as the Court can determine, the only medical evaluation or treatment that Plaintiff received during the period of relevance was a single session of spinal manipulation and physical therapy on December 28, 2013 to address left hip and low back pain. (Tr. pp. 196, 289, 297). No significant findings were documented during the brief time period at issue, *Clayborne v. Astrue*, 260 Fed.Appx. 735, 737 (5th Cir. 2008), and the Court is directed to no records in that time frame wherein any limitations whatsoever were placed on Plaintiff's activities. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995); *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1989). With respect to Dr. Dale's missive of April 30, 2014, addressed to "Disability Determinations," in which he opined that Plaintiff was, at that point, unable to work (tr. p. 271), not only does that letter not clearly relate to the relevant time period, it is unaccompanied by any contemporaneously recorded, medically acceptable findings, *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980), and it also embraces the ultimate issue, the resolution of which is reserved to the Commissioner. 20 C.F.R. §404.1527(d)(1). Indeed, Dr. Dale remarked in the letter that Plaintiff's "... condition has worsened" from what it previously was. (Tr. p. 271). At best, Dr. Dale's letter points only to the degeneration of a condition that was previously and properly found to be non-severe and, therefore, not disabling. *McLendon v. Barnhart*, 184 Fed.Appx. 430, 431 (5th Cir. 2006)(citing *Torres v. Shalala*, 48 F.3d 887, 894 n. 12 (5th Cir. 1995)).

As this is a step-two case, the burden remained with Plaintiff at all times to establish, through competent evidence with objective support, that he suffered from a severe impairment. *Bowen*, 482 U.S. at 146 n. 5, 107 S.Ct. 2294 n. 5. Little, if any, of the testimony that was elicited at the administrative hearing pertained to Plaintiff's condition as it existed during the 13-day relevant time period and the provision to him of spinal manipulation and physical therapy on one day simply does not, in and of itself, establish the existence of a severe impairment. Confronted with the same paucity of evidence as would later be noted by the ALJ, Dr. James Williams, a state agency medical consultant, physician, and thus an "acceptable medical source" with considerable expertise in Social Security proceedings whose opinions must be considered by the ALJ, 20 C.F.R. §404.1527(e)(2)(i), similarly concluded that the existence of a severe impairment had not been established. (Tr. pp. 50-55). Particularly in light of the Court's highly deferential standard of review, *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), the Commissioner's decision is supported by substantial evidence and should be affirmed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary be granted, and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

10

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  28th  day of               September              , 2017.

                                                        MICHAEL B. NORTH
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

11